IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Victor Collins, ) | |
| ) | |
| Plaintiff, ) | Case No.: 16 cv 10776 |
| ) | |
| v. ) | Consolidated with 18 cv 02665 |
| ) | |
| Cook County Sheriff Thomas J. Dart, and ) | Judge Jorge L. Alonso |
| Cook County Deputy Sheriffs Terrell ) | |
| Nichols, Star No.: 6050, Jesse Lopez, Star ) | |
| No.: 6085, R. Foster, Star No. 6047, Randall ) | |
| Davis, Star No.: 6084 and I.V. Newson, Star ) | |
| No.: 6032, and Unknown and Unnamed ) | JURY DEMANDED |
| Deputy Sheriffs of Cook County, ) | |
| ) | |
| Defendants. ) | |

## SECOND AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1971 (U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. sections 1343, 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

### PARTIES

3. At all times, herein mentioned, Plaintiff Victor Collins (Plaintiff) was and is a citizen of the United States of America and was within the jurisdiction of this court.

1

4. At all times, herein mentioned, Defendant Thomas J. Dart (Dart) was employed as the Sheriff of Cook County, Illinois and acting under color of state law as the Sheriff of Cook County, Illinois. Dart is being sued in his official and individual capacity.

5. At all times, herein mentioned, Terrell Nichols, Star No.: 6050 (hereafter "Nichols") Jesse Lopez, Star No.: 6085 (hereafter "Lopez"), and I.V. Newson, Star No.: 6032 (hereafter "Newson"), Randall Davis, Star No.: 6084 (hereafter "Davis"), and R. Foster, Star No. 6047 (hereafter "Foster") were Deputy Sheriffs or other persons employed by the Sheriff of Cook County, and were acting under color of state law and as the employee, agent, or representative of the Sheriff of Cook County. These deputies are being sued in their individual capacities.

6. At all times, herein mentioned, the unnamed and unknown Deputy Sheriffs or other persons, of Cook County (unnamed deputy officers) were employed by the Sheriff of Cook County, and were acting under color of state law and as the employee, agent, or representative of the Sheriff of Cook County. These deputies are being sued in their individual capacities. When the names of these deputies are ascertained, Plaintiff will seek leave of Court to amend this complaint to add their names.

7. At all times Cook County was a political division of the State of Illinois, existing under the laws of the State of Illinois. At all relevant times, Cook County maintained, managed, and/or operated the Cook County Sheriff's Department, Cook County Probation Department and Cook County Jail.

**FACTUAL ALLEGATIONS**

8. On or about November 11, 2015 Plaintiff was arrested for possession of a controlled substance in the City of Chicago, Cook County, Illinois. Shortly thereafter he was placed on probation.

9. During on or about the first week of April, 2016, Plaintiff was arrested and charged with possession of a controlled substance. He was also charged with a violation of probation. Plaintiff was held in custody until on or around April 8, 2016.

10. During the morning of April 8, 2016 Plaintiff was released on house arrest and placed on electronic monitoring. At approximately 3:00PM an ankle bracelet was attached to Plaintiff's right leg by the Cook County Sheriff Electronic Monitoring Section. Plaintiff is informed and believes that it was attached by Defendant Nichols.

11. When the ankle bracelet was put on, Plaintiff repeatedly complained that it was too tight. In response Nichols said words to the effect of: "If I can put my finger in there it is not too tight."

12. On April 16, 2016 at approximately 8:42am Plaintiff contacted as yet unknown members, employees or agents of the Cook County Sheriff's Probation Department - Electronic Monitoring ("EM") Section by telephone. Plaintiff informed these persons that his right leg and foot were swollen due to the ankle bracelet being too tight. These persons responded by stating it would send someone out to check the bracelet and situation.

13. Again on April 16, 2016 at approximately 2:33 pm, Plaintiff contacted as yet unknown members, employees or agents of the Cook County Sheriff's Probation Department - Electronic Monitoring Section by telephone. Plaintiff informed these persons that his right leg and foot were swollen due to the ankle bracelet being too tight. These persons again responded by stating it would send someone out to check the bracelet and situation.

14. At this time Plaintiff was suffering from swelling of his right leg and foot, had pain above and below the ankle bracelet, and difficulty standing, walking and sleeping.

Plaintiff's swollen foot caused him to wear an open laced shoe that was 2-1/2 sizes larger than his regular size 12 shoe.

15. On April 17, 2016 at approximately 9:21am Plaintiff again contacted the Cook County Sheriff's Probation Department - Electronic Monitoring Section by telephone and indicated that his leg was swollen due to the ankle bracelet being too tight. He was still suffering from the pain and swelling described above, but the pain and swelling had increased and he was not able to sleep. The Sheriff's Office still had not sent anyone out to check the bracelet and his leg. Plaintiff was told it would send someone out to check the bracelet and situation within the next hour.

16. Defendants Davis and Foster were the dispatcher and monitor respectively for the EM unit of the Sheriff's Department. They were on duty on April 16 and 17, 2016 and had the responsibility for monitoring and/or dispatching units to inmates who were on electronic monitoring and had needs or issues that needed to be addressed.

17. Defendants Davis and Foster had received the information of Plaintiff's calls for help in connection with his too tight ankle bracelet and his swollen and painful legs at or around the time that the calls were made as alleged above. Despite the fact that Plaintiff made it clear that he needed his ankle monitor loosened or removed and that Davis and Foster were aware of this, they both failed to timely dispatch or direct a Cook County Deputy to go to Plaintiff's residence to address the situation.

4

18. Finally, on or about April 17, 2016 at approximately 2:10 PM deputies Newson and Lopez of the Cook County Sheriff's Department went to Plaintiff's residence after having been directed to do so and removed the ankle bracelet. The bracelet was put onto Plaintiff's arm.

19. At the time mentioned in the previous paragraph, Plaintiff's serious medical needs were evident. Both of Plaintiff's legs and feet were swollen. He was suffering pain, increased swelling of the legs and feet, throbbing sensations in his leg, inability to sleep and increased difficulty walking.

20. Plaintiff alleges that he requested that Defendants Newson and Lopez take plaintiff to the hospital for treatment. Newson and Lopez refused and told Plaintiff that they would only take Plaintiff to jail and not the hospital, despite Plaintiff's serious obvious medical needs. As a result, not wanting to go to jail Plaintiff remained home. Plaintiff was still suffering from the pain and swelling to his legs. Plaintiff could barely walk.

21. On April 21, 2016 at approximately 8:47am Plaintiff contacted the Cook County Sheriff's Probation Department - Electronic Monitoring Section by telephone to state he was going to court, as he was required to do when on electronic monitoring.

22. On April 21, 2016 immediately after court Plaintiff sought medical attention at Provident Hospital, Chicago, Illinois for swelling of his legs and feet, cellulitis, other injuries, pain, and difficulty in walking due to the damage caused by the restrictive ankle bracelet.

23. Plaintiff remained in the hospital for 7 days for treatment of his swollen legs, pain, cellulitis and other injuries.

24. On April 28, 2016 at approximately 12:43PM Plaintiff contacted the Cook County Sheriff's Probation Department - Electronic Monitoring Section by telephone to state

he had returned home from Provident Hospital for treatment of his swollen leg and related problems from the ankle bracelet.

25. On April 29, 2016 Plaintiff's probation was revoked because he had gone to the hospital without permission. Plaintiff was remanded into custody of the Cook County Sheriff and incarcerated in Cook County Jail, Chicago, Illinois.

26. Plaintiff remained in Cook County Jail, Division 3 Annex, until August 8, 2016. While in jail Plaintiff requested medical care for his legs on many different days. Dart and his agents ignored some of Plaintiff's requests for medical care and treatment.

27. Plaintiff was housed on the second floor of Cook County Jail from April 29, 2016 to May 9, 2016. From May 9, 2016 to July 12, 2016 Plaintiff was housed on the jail's third floor. Plaintiff was required to walk up and down several flights of stairs on a regular basis which aggravated and exacerbated his medical condition, and pain and suffering. On July 12, 2016 Plaintiff was transferred to the first floor. The unnamed Defendants were aware that Plaintiff's condition was being exacerbated.

28. During his time in the Cook County Jail. Plaintiff continued to suffer pain and discomfort. The unnamed and unknown Defendants failed to provide Plaintiff with proper medical care. Plaintiff still suffered from swollen legs and feet, pain and throbbing sensations, and wore shoes that were 2 sizes larger due to his swollen feet.

29. At all times mentioned above, the unnamed and unknown Defendants knew of Plaintiff's medical condition and were deliberately indifferent to it by not permitting him to go to a medical facility when the ankle bracelet was first removed, by failure to provide him with appropriate medical treatment when he was returned to Cook County Jail, and by causing him to

walk up and down flights of stairs knowing that he was in pain and in need of further medical care.

30. On August 9, 2016 the court determined Plaintiff had violated his probation, due to his going to the hospital on April 26, 2016. Plaintiff was remanded to the Illinois Department of Corrections (IDOC) to serve a one-year sentence.

31. Upon his early release from prison, on October 18, 2016, Plaintiff again sought medical care at Provident Hospital for his legs and feet due to problems caused by the ankle bracelet and subsequent lack of medical treatment.

32. Plaintiff was not able to work during his house arrest and is still not able to work due to injuries from his ankle bracelet.

33. There was no legal cause for the Defendants to unreasonably and excessively tighten Plaintiff's ankle bracelet.

34. There was no legal cause for Defendants to delay in removing Plaintiff's ankle bracelet and replacing it with a wrist bracelet.

35. There was no legal cause for Defendants to deny or withhold medical care to Plaintiff while he was participating in the electronic home monitoring program.

36. There was no legal cause to deny or withhold medical care to Plaintiff while he was in the care, custody and control of Cook County Jail.

37. By reason of the acts and omissions of Dart and all individual Defendants, named and unnamed Deputies, Plaintiff sustained injuries, including but not limited to, special damages, emotional harm including humiliation and indignities, and has generally suffered physical, mental and emotional pain caused by the acts of Defendants.

38. By reason of the above described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in this action to vindicate the loss and impairment of his rights. Therefore, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. section 1988, the equal Access to Justice Act or any other provision set by law.

## COUNT I
## PLAINTIFF AGAINST DEFENDANT NICHOLS
## FOR THE EXCESSIVE USE OF FORCE

39. Plaintiff realleges and incorporates paragraphs one through thirty-eight of this complaint.

40. Defendant Nichols used excessive force, through the use of an unreasonably tight ankle bracelet. Plaintiff suffered injury, pain and emotional distress.

41. This Defendant's actions and conduct violated the Fourth and/or Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. sect. 1983.

42. The misconduct described above was unreasonable and intentionally undertaken with malice, willfulness and/or reckless indifference to Plaintiff's constitutional rights.

43. These Defendant's actions and conduct were the direct and proximate cause of constitutional violations and resulting injuries as stated in this complaint.

44. The force used was unreasonable and intentional and in violation of Plaintiff's constitutional rights under the Fourth and/or Fourteenth Amendments to the U.S. Constitution and 42 U.S.C section 1983.

## COUNT II
### PLAINTIFF AGAINST NICHOLS, LOPEZ, NEWSON FOSTER AND UNKNOWN AND UNNAMED DEFENDANTS FOR THE FAILURE TO INTERVENE

45. Plaintiff realleges and incorporates paragraphs one through thirty-eight of this complaint.

46. Nichols, Lopez, Newson, Foster and unnamed and unknown defendants failed to undertake any reasonable actions to timely assist Plaintiff in removing the ankle bracelet despite the reasonable ability to do so.

47. The misconduct and omissions described in this count were undertaken with malice, willfulness and reckless indifference of Plaintiff's rights.

48. As a result of the unnamed and unknown Defendants' actions and inactions, Plaintiff has suffered pain, injury and emotional distress.

49. This misconduct was unreasonable and intentional and done with the deliberate indifference to Plaintiff's constitutional rights under the Fourth and/or Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. section 1983.

## COUNT III
### PLAINTIFF AGAINST LOPEZ , NEWSON, DAVIS, FOSTER, AND THE UNKNOWN AND UNNAMED DEFENDANTS FOR THE DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

50. Plaintiff realleges and incorporates paragraphs one through thirty-eight.

51. Defendants Lopez, Newson, Davis and Foster and the unnamed Defendants knew Plaintiff had a serious medical condition requiring immediate medical care while he was on electronic monitoring and thereafter when Plaintiff was returned to jail.

52. Theses known and unknown defendants/deputies acted with deliberate indifference in failing to obtain and provide medical care for Plaintiff despite the obvious need for it.

53. These known and unnamed and unknown Defendants' caused and/or participated in the lack of reasonably prompt and continued medical treatment which exacerbated the nature of Plaintiff's injury, medical condition, healing process, pain and suffering.

54. These known and unnamed and unknown Defendants' actions and conduct were the direct and proximate cause of the constitutional violations, and Plaintiff's injuries, including his pain and emotional distress.

55. These known, unnamed and unknown Defendants 'actions and conduct violated Plaintiff's rights under the Fourth and/or Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. section 1983.

## COUNT IV
### PLAINTIFF AGAINST COOK COUNTY FOR INDEMNIFICATION

56. Plaintiff hereby incorporates and re-alleges paragraphs one through thirty-eight as though fully alleged at this place.

57. Pursuant to 745 ILCS 10/9 – 102, 55 ILCS 5/4 – 6003, and 55 ILCS 5/5 – 1106, Cook County is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an independently elected Cook County officer, such as the Cook County Sheriff and its deputies, acting within the scope of his/her employment is found liable.

58. The acts and/or omissions of the Defendants were committed within the scope of their employment.

59. In the event that a judgment for compensatory damages is entered against the

Defendants, Cook County must pay the judgment as well as the associated attorneys' fees and costs.

## COUNT V
### PLAINTIFF AGAINST NICHOLS, AND THE UNNAMED AND UNKNOWN DEFENDANTS AND TOM DART FOR THE SUPPLEMENTAL STATE LAW CLAIM OF BATTERYAND WILLFUL AND WANTON CONDUCT

56. Plaintiff hereby incorporates and re-alleges paragraphs one through thirty-eight hereat as though fully alleged at this place.

57. On or about April 16, 2015 and thereafter, the Defendants owed a duty of care to Plaintiff to exercise reasonable care in their interaction with plaintiff.

58. In disregard of this duty, the Defendants acted intentionally, and willfully and wantonly in doing the following:

    a) battering plaintiff through the use of an ankle bracelet that was known to be too tight;

    b) causing the emotional distress of plaintiff; and

    c) DART, pursuant to the principle of *respondeat superior,* is responsible for the wrongful conduct of its deputies as alleged above.

59. All of the above was done without legal cause.

59. As a result of the foregoing Plaintiff was injured as set forth above.

**WHEREFORE**, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, LTD., requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than Dart or Cook County be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than Dart and Cook County be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

                                                              BY:    s/ Edward M. Fox

ED FOX & ASSOCIATES, LTD.            Edward M. Fox
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                                                              BY:    s/Edward M. Fox

ED FOX & ASSOCIATES, LTD.            Edward M. Fox
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efoxlaw.com